### NORTON et al. v. CARY et al.

*(Circuit Court, N. D. Illinois. July 22, 1889.)*

**1. PATENTS FOR INVENTIONS—ANTICIPATION—PAINT-CANS.**

Patent No. 131,089, issued September 3, 1872, to Horace Everett for an "improvement in cans for paint," the distinctive feature of which is a ring, soldered to the upper edge of the body of the can, with an upturned flange, the object of the ring being to stiffen the body of the can and to receive the cover, the flange of which is interlocked with the flange of the ring by the application of pressure, is not anticipated by a patent for an "improved paint-can," of which the distinctive feature is a cast-iron ring, tightly inserted in the top of the can, with an outward flange, over which the cover is folded.

**2. SAME.**

Nor is it anticipated by a patent for a paint-can showing a breast attached to the top of the can with an upturned flange, but without the re-enforcing ring to strengthen the body of the can and allow it to be closed by pressure.

**3. SAME.**

Patent No. 136,575 issued March 4, 1873, to Job A. Williams for an "improvement in cans for oil and paint," the invention in which is a solid breast consisting of a seamless ring of tin, soldered to the top of the can, with a flange turned inwardly for a short distance, and then turned upwards at the top, and an annular groove below the top of the breast, over which a cover fits closely and may be beaded into the annular groove if desired, is anticipated by a patent for a paint-can showing a breast attached to the top of the can, with an upturned flange, over which the cover fits.

**4. SAME—COMMON KNOWLEDGE.**

Said patent No. 136,575 is also void from common knowledge, inasmuch as it shows nothing but the top of a can which, by being made seamless, allows the can to be tightly closed with a seamless slip-cover.

**5. SAME—ANTICIPATION.**

The invention described in patent No. 298,018, issued May 6, 1884, to Edwin Norton for a "paint-can," consists of an interior shoulder formed by turning a flange in at the top of the can, and folding over it a seamless ring, so that the shoulder is composed of three thicknesses of tin and solder. The seamless ring has an upturned flange, which is folded with the flange of the can-head into a double seam, which rests on the shoulder, giving the can greater strength. *Held* that it was anticipated by the manufacture of a similar can by Walsh in 1882.

In Equity. Bill for injunction.

Bill in equity by Edwin Norton and others against William H. Cary and others, to restrain the infringement of certain patents.

*Munday, Evarts & Adcock*, for complainants.

*Stout & Underwood*, for defendants.

BLODGETT, J. This is a bill for an injunction and accounting by reason of the alleged infringement of patent No. 131,089, granted September 3, 1872, to Horace Everett for an "improvement in cans for paint;" patent No. 136,575, granted March 4, 1873, to Job A. Williams for an

"improvement in cans for oil and paint," and patent No. 298,018, granted May 6, 1884, to Edwin Norton for a "paint-can." The invention in the Everett patent is described by the patentee in his specifications as follows:

"The object of my invention is a can so stiffened as to retain its shape in the absence of the cover, and, at the same time, constructed for the ready and secure attachment of the cover, and for the ready withdrawal of the entire contents. A ring, B, is soldered to the upper edge of the body, A, of the can, this ring serving the twofold purpose of stiffening the said body, A, and of receiving the cover, D, the flange *e* of which is interlocked with the flange *f* of the ring, as shown in Fig. 2, by the application of pressure. * * * I rely upon the ring, B, as a means of stiffening the can and retaining it in shape, the ring being so narrow as to leave a large opening for the ready removal of the entire contents. After the paint has been deposited in the can the cover is fitted over the flange of the ring, a suitable instrument is then applied, under pressure, to the top of the cover, at and near the edge of the same, until the flange *f* of the ring is contained within the folded and compressed flange *e* of the cover, the body of the can being so stiffened by the ring as to resist this pressure."

The patent also contains a disclaimer in the following words:

"I am aware that the can for which letters patent were granted January 29, 1867, to me as assignee of D. W. Pepper, has an internal-flanged ring, to which, however, the flanged cover could not be secured without the aid of special rollers; whereas, in my improvement the cover is secured by direct pressure on the top of the same, the stiffening ring being so narrow, and its flange, as well as that of the cover, being so curved or bent, that this simple external pressure tends to compress and interlock the said flanges without anything to resist the pressure except the sides of the can."

The patent contains but one claim, which is:

"A can, having at its upper edge a stiffening ring with a flange formed to be interlocked with the flange of the cover by direct pressure on the top only of the same, as set forth."

The Williams patent is described by the patentee in his specifications as follows:

"My invention consists of a can designed principally for holding paint, though it may be used with advantage for other materials or substances, as oil, fruit, etc. The object of my invention is to make a tight can, one which may be easily and cheaply constructed, and which will not leak at the seam. My improvement consists in providing a solid breast for the can, which is constructed and applied as hereinafter fully described."

The solid breast described in this patent consists of a seamless ring of tin, with an inwardly turned flange at the top, and an annular groove below the top of the breast. This solid or seamless section is firmly attached to the top of the can with solder. A seamless cap or cover for the can is also constructed, which fits closely over the breast or seamless ring, so that if made to fit close enough the can, so far as the top or cover is concerned, will be made air-tight, or tight enough for the purpose for which it is intended. Provision is also made in the patent for an annular groove below the top of the breast, into which, if desired,

the edge of the cover may be beaded or tucked.    This patent contains but one claim, which is:

"A solid seamless breast for cans, constructed and applied as shown, and made either with or without an annular groove, as described."

Patent No. 298,018 to Edwin Norton is described in the specifications as follows:

"This invention relates to paint and other cans, the heads or covers of which are double-seamed on after the can is filled.   In double-seaming heads on filled cans no internal mandrel or support can of course be used, and therefore the flanges of the head and body forming the seam have heretofore always been folded or turned outwardly, so that the seam, when completed, lies on the outside wall of the can-body.   *   *   *   It is the object of the present invention to provide a can, the head of which may be double-seamed on after the can is filled by folding the flanges of the head and body inwardly, so that the seam, when formed, will lie on top of the can, and within the circumferential line of the can-body, and thus not interfere with the application of a slip-cover to the can.   This result I accomplish by (and herein my invention consists) providing the can with an interior shoulder, against which the flanges of the seam may be folded, and which thus serves, so to speak, as an interior mandrel or support in forming the seam.   This interior shoulder I form by turning a flange in at the top of the can-body and folding over it a seamless ring, so that the shoulder is composed of three thicknesses of tin and the solder uniting the same.   The seamless ring has an upturned flange, which is folded with the flange of the can-head into the double seam.   As in this invention the seam rests snugly on the shoulder, the seam and shoulder together give the can or its cover great strength and rigidity."

The patent contains two claims, which are as follows:

"(1) The combination, with a can-body provided with an interior shoulder to support the seam while it is being formed, of a can-head, secured thereto by a double seam, folded inwardly, and resting upon said shoulder, substantially as specified.   (2) The combination of can-body, A, provided with inturned flange, $a$, with seamless ring, B, folded over said flange, and can-head, C, having upturned flange, $c$, folded with said seamless ring inwardly into a double seam, substantially as specified."

The defenses set up are want of novelty as to each patent, and non-infringement.    As to the Everett patent, No. 131,089, the patent granted to Horace Everett July 30, 1867, and the patent granted to Daniel W. Pepper, January 29, 1867, are cited as anticipating this device.    The Everett patent of July, 1867, is for an "improved paint-can," and shows a paint-can made of sheet-iron or tin, with a light cast-iron ring tightly inserted in the top of the can, said ring having a flange extending outwardly, over which a tin cover is bent or folded so as to close the can.

Waiving all question as to whether this patent shows a practical device for constructing a can, on account of the increased expense of the cast-iron ring, I do not see that it meets the function of the ring shown in patent No. 131,089, nor is it there for that purpose.   In the Everett patent, now in suit, the tin ring, or reinforcement of a single additional strip of tin at the top of the can, reinforces or strengthens the can so far as to permit the cover to be double-seamed on, thereby effecting a tight closure of the can.   This was not done, or is not claimed to have been

done, in the old Everett patent of 1867. The Pepper patent of January, 1867, shows a breast attached to the top of the can, with an upturned flange surrounding the opening, but no reinforcing ring of metal to strengthen the can-body, and allow of a closure by close seaming with a seaming tool. I do not, therefore, see, either by the oral testimony of experts, or by the patents cited, any clear anticipation of this patent as shown by the proofs. The Job A. Williams patent, No. 136,575, seems to me to be completely anticipated by the can described in the Pepper patent of January, 1867. This Pepper patent shows a solid or seamless can-breast attached to the top of the body of the can, with the flange extending inwardly for a short distance, and then an upturned flange with a cover, with a downturned seamless flange arranged to fit over the upturned flange of the can-breast, so as to effect a tight closure of the can. But, aside from this anticipation, I think this patent should be held void from common knowledge, as it shows nothing but the top of a can which, by being made seamless, allows the can to be tightly closed by a seamless slip-cover. It had been for many years before the date of this patent the practice to close tin dinner-pails, or other tin utensils, more or less tightly with a slip-cover. It may have required more nicety of workmanship to have made this dinner-pail cover fit so closely to the body as to have made the pails air, water, or paint tight, but there does not seem to me any patentable difference in making them tight from what there would have been to allow them to fit loosely, or fairly loosely, over the top of the pail. The ordinary box for holding shoe-blacking had been made for years before the date of this patent by turning up a seamless flange from an annular disk of tin for the body of the box, and constructing a cover in the same way with a downturned flange just large enough to fit closely over the outside of the body of the box, thereby closing the box, if need be or desired, to made it air or water tight. I am therefore of opinion that this Williams patent must be held void for want of novelty.

Patent No. 298,018 to Edwin Norton is, as it seems to me, fully anticipated from the proofs in the case by the can manufactured by Walsh in 1882, which shows an interior shoulder against which the flanges of the seam may be folded, and which serves as an interior mandrel or support in forming the seam. The proof abundantly shows that Walsh made cans, as early as the spring of 1882, with an interior shoulder, which so stiffened the can as to form an interior mandrel or support for the body of the can in the seaming process, and which was closed by turning the seam inwardly instead of outwardly, or by pressure, as provided in the Everett can of 1872. I think it may well be doubted whether there is any patentable invention in folding the seams of a can one way rather than another, but, if there is, certainly Walsh did it long before this inventor entered the field.

Upon the question of infringement the defendants' can shows a stiffening ring attached to the upper edge of the body of the can, with a flange formed and intended to be interlocked with the flange of the cover, but only differing from the Everett device in that the interlocking was not

to be obtained by direct pressure on the top of the can; but I am of opinion that the essential feature of the Everett device was the stiffening of the top of the can so as to accomplish the closing of the can by seaming the cover to it, and with this view of the Everett patent I find the defendants infringe the first and only claim of that patent. The bill is therefore dismissed as to the Williams patent of March 4, 1873, and the Norton patent of May 6, 1884, and a decree may be prepared for an injunction and accounting as to the Everett patent of September 3, 1872.